**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| R. ALEXANDER ACOSTA, <br> SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br>           Plaintiff, <br><br> v. <br><br> MEDINE NUR, INC. dba SUNRISE PIZZERIA, OSMAN AKSU, Individually and as Owner of MEDINE NUR, INC., and LISA AKSU, Individually, <br>           Defendants. | ) <br> ) <br> ) <br> )   Civil Action No: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Defendants from violating the provisions of Sections 6, 7, and 11(c) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants Medine Nur, Inc., dba Sunrise Pizzeria, Osman Aksu, individually and as owner of Medine Nur, Inc., and Lisa Aksu, individually (collectively, "Defendants"), in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Medine Nur, Inc., dba Sunrise Pizzeria ("Sunrise Pizzeria"), is and at all times hereinafter referenced, was registered as a corporation in Virginia on April 18, 2012. Defendant Osman Aksu is the sole owner of the business.  Defendant Lisa Aksu is the manager

of the business. Sunrise Pizzeria has its principal office at 1370 S. Military Highway, Chesapeake, Virginia 23320, which is within the jurisdiction and venue of this Court.

3.      Defendant Osman Aksu is and, at all times hereinafter referenced, was the sole owner of Sunrise Pizzeria and, based upon information and belief, resides at 2210 Miller Avenue, Chesapeake, Virginia 23320, which is within the jurisdiction of this Court. Defendant Osman Aksu supervises and directs the work of the employees of Sunrise Pizzeria and is involved in the hiring and firing of employees. Defendant Osman Aksu has acted directly or indirectly in the interest of Sunrise Pizzeria in relation to its employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

4.      Defendant Lisa Aksu is and, at all times hereinafter referenced, was the manager of Sunrise Pizzeria and, based upon information and belief, resides at 1713 Stoney Creek Arch, Chesapeake, Virginia 23320, which is within the jurisdiction of this Court. Defendant Lisa Aksu supervises and directs the work of the employees of Sunrise Pizzeria and is involved in the hiring and firing of employees. Defendant Lisa Aksu has acted directly or indirectly in the interest of Sunrise Pizzeria in relation to its employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

5.      Defendants carry out a common business purpose of operating a full-service restaurant that also provides delivery services. The business activities of the Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

6.      At all times relevant herein, Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise in commerce or

in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including food items from Charlotte, North Carolina. Further at all times relevant herein, Defendants have had an annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act.

7. Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act by failing to pay an employee in an enterprise engaged in commerce or in the production of goods for commerce at the applicable statutory minimum rate prescribed in Section 6 of the Act. Specifically, Defendants failed to pay a cook for any hours worked. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

7. Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act. For example, when certain employees worked more than 40 hours in a workweek, Defendants paid employees regular rates of pay for hours worked over forty instead of one and one-half times their regular rate.

8. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

For example, Defendants have failed to maintain and retain accurate records reflecting total premium pay for overtime hours worked by employees.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of December 14, 2013 through December 4, 2016, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after December 4, 2016, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Mailing Address:

Oscar L. Hampton III
Regional Solicitor
U.S. Department of Labor
201 12th Street South
Arlington, VA  22202-5450
(202) 693-9393

Respectfully submitted,

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hamilton III
Regional Solicitor

Leah A. Williams
Trial Attorney


/s/  Ali A. Beydoun
Ali A. Beydoun, Esq. (VA Bar No. 78150)
U.S. Department of Labor
Office of the Solicitor
201 12th Street South, Suite 401
Arlington, VA  22202-5450
Telephone No. (202) 693-9393
Facsimile No.  (202) 693-9392
beydoun.ali@dol.gov

## SCHEDULE A

1. Aksu, Bahri
2. Ashworth, Colleen
3. Austin, Cory
4. Baker, Ashley
5. Bancroft, Raymond
6. Bernier, Brittany
7. Brown, Joshua
8. Carey, Hailee
9. Carey, Kassandra
10. Cernecarl, Connie
11. Cook, Kimberley
12. Demir, Seda
13. Dennis, Cienna
14. Feinberg, Hannah
15. Fontenot, Elizabeth
16. Geist, Deb
17. Gray, Hailie
18. Hashymov, Dmytro
19. Hazlett, Chyanne
20. Holl, Eugene
21. Hooks, Todd
22. Husa, Joshua
23. Jones, Brittany
24. Korting, Johnathan
25. Kovbasa, Ihor
26. Kravetskyi, Alp
27. Louthian, Dianna
28. Luhm, Christina
29. McCoy, Elizabeth
30. McFadden, Empress
31. Moye, Tammi
32. Murray, Ashley
33. Murzo, Artem
34. Mykhantso, Mark
35. Parker, Damien
36. Pintor Jr, David
37. Potapenko, Olha
38. Reese, Va
39. Reeves, Breanna
40. Reid, John
41. Reitz, Alex
42. Sheikh-Hussein, Hana
43. Simpson, Charlisha
44. Spirrison, Christine
45. Stamm, Kaitlyn
46. Stephens, Danielle
47. Stetsiuk, Andrii
48. Taylor, Rachel
49. Urbani, Danielle
50. Vogt, Ashley
51. Yeager, Jason
52. Zimmerman, Tabitha